**Law Offices of Michael Lupolover, P.C.**
**180 Sylvan Avenue, 2nd Floor**
**Englewood Cliffs, New Jersey 07632**
**(P) 201.461.0059**
**(E) David@Lupoverlaw.com**

**United States District Court**
**District of New Jersey**

| | |
|---|---|
| Sean Kim, | Case No.: |
| Plaintiff, | |
| vs. | **CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Midland Credit Management, | |
| Defendant | |

Plaintiff, SEAN KIM, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, MIDLAND CREDIT MANAGEMENT (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d)

3. Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in the in the city of East Brunswick, New Jersey, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is incorporated and doing business in the State of California, with its corporate mailing address as 8875 Aero Drive, Suite 200 San Diego, CA 92123, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6. Defendant was trying to collect an alleged debt owed by Plaintiff.

7. On or around December 27, 2013, Plaintiff received a phone call from an agent of Defendant.

8. Plaintiff failed to answer the call and a message was subsequently left by agent of Defendant.

9. The message begins with an automated message states that "We apologize for the delay, but you will be connected in just a moment" and music plays in the interim.

10. Approximately thirty seconds into the recording, the music stops and a person asks to speak to Plaintiff.   Upon realizing the phone has not been answered, agent hangs up.

11. Defendant's agent fails to identify that the call is a from a debt collector attempting to collect a debt.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692e (11)

12. Plaintiff repeats the allegations contained in paragraphs 1 through 11 and incorporates them as if set forth at length herein.

13. On or around December 27, 2013, Defendant left a voicemail for Plaintiff which failed to identify the company or the purpose of the phone call.

14. The voicemail message failed to state the message was from a debt collector attempting to collect a debt.

15. Defendant's failure to advise of the fact that the call was from a debt collector violates 15 U.S.C. § 1692e (11).

16. As a direct result of Defendant's actions, Plaintiff has been damaged.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692d(6)

17. Plaintiff repeats the allegations set forth in paragraphs 1 through 16 and incorporates same as if set forth at length herein.

18. On or around December 27, 2013, Defendant left a voicemail message for Plaintiff.

19. Defendant's representative failed to state the identity of the company from which she was calling or that the purpose of the call was to collect a debt.

20. The failure to inform Plaintiff of the identity of the company or the purpose of the phone call is in violation of 15 U.S.C. § 1692d(6), which prohibits placing telephone calls without meaningful disclosure of the caller's identity.

21. As a direct result of Defendant's actions, Plaintiff has been damaged.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

22. Plaintiff repeats the allegations contained in paragraphs 1 through 21 and incorporates them as if set forth at length herein.

23. The telephone calls to Plaintiff from Defendant were done utilizing an automated dialer with a pre-recorded message.

24. Plaintiff does not have an established business relationship with Defendant as that term is defined by 47 U.S.C. § 227(a)(2).

25. Defendant's telephone call was made without Plaintiff's consent.

26. Defendant's actions constitute (1) willful violation of 47 U.S.C. § 227(b)(1)(A)(iii), to which their falls no exemption to their behavior.

## JURY TRIAL DEMAND

27. Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff, Sean Kim, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA and the TCPA;

b. That judgment be entered against Defendant for (1) willful violation of 47 U.S.C. § 227b(1)(A)(iii);

c. That judgment be entered against Defendant for statutory damages in the amount of One Thousand Five Hundred Dollars ($1,500.00) for (1) willful violations of 47 U.S.C. § 227(b)(1)(A)(iii);

d. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

f. That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3):

g. That the Court grant such other and further relief as may be just and proper.

Dated July 1, 2014

                                          Respectfully Submitted,

                                          <u>s/ David P. Force</u>
                                          David P. Force
                                          Law Offices of Michael Lupolover
                                          180 Sylvan Avenue, Suite 5
                                          Englewood Cliffs, NJ 07632
                                          201-461-0059
                                          David@lupoloverlaw.com